UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Abritto Divine Pla' El,

                Plaintiff,

-against-

Jonathan Smith, et al.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/16/2018

1:17-cv-08849 (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

## INTRODUCTION

*Pro se* Plaintiff Abritto D. Pla' El ("Plaintiff") brings this action pursuant to the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411 *et seq.* ("LMRDA") against New York Metro Area Postal Union, APWU, AFL-CIO ("NYUMAPU" or "the Union"), NYMAPU President Jonathan Smith ("Smith"), NYMAPU Executive Vice President Tiffany Foster ("Foster"), NYMAPU Director of Industrial Relations Daniel Zachman, Jr. ("Zachman") and NYMAPU Secretary-Treasurer Sharon Tyrrell ("Tyrrell"). Plaintiff alleges that Defendants violated his right to due process under Section 101(a)(5) of the LMRDA by unlawfully expelling him from the Union. (Am. Compl., dated January 2, 2018, ECF No. 7.) Defendants moved to dismiss or for summary judgment, contending, among other things, that Plaintiff's claims are time-barred. For the reasons set forth below, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff began working for the United States Postal Service ("USPS") in January 1991. (Am. Compl. at 6.) From March 1991 until 1998, Plaintiff served as a Shop Steward of the New York Metro Local 10. (*Id.* at 7.) In 1998, Plaintiff became a part-time Assistant Director of the

Maintenance Division for the Union. (*Id.*) In 2003, Plaintiff was promoted to a full-time "Director of Organization" and held that position until 2012. (*Id.* at 9.) In 2012, Plaintiff returned to the USPS as a maintenance employee. (*Id.* at 10.) In September 2012, Defendant Smith filed internal charges against Plaintiff and four other Union members alleging, among other things, that they engaged in theft or conversion of Union property. (Ex. A to Decl. of Julian Gonzalez, dated April 12, 2018 ("Gonzalez Decl."), ECF No. 25-1.) Ultimately, an internal "Trial Board" recommended that Plaintiff be expelled from the Union and the Union membership voted to uphold that recommendation during a general membership meeting on October 16, 2013. (Gonzalez Decl. Ex. I, ECF No. 25-9.)

On October 28, 2013, Defendant Tyrrell mailed Plaintiff a letter informing him of the Union's decision and explaining his right to appeal the decision to the national union within thirty days. (*Id.*) On October 30, 2013, Tyrrell met with Plaintiff at the Union's office and provided him with a copy of the October 28, 2013 letter as well as the Trial Board's report. (Declaration of Sharon Tyrrell, dated October 30, 2018 ("Tyrrell Decl."), ECF No. 36-1.) Plaintiff then signed a letter acknowledging receipt of these documents. (Tyrrell Decl. Ex. A, ECF No. 36-2.) Thereafter, the USPS continued to deduct Union dues from Plaintiff's paychecks until on or about June 30, 2017. (Am. Compl. at 15.)

**PROCEDURAL HISTORY**

Plaintiff filed his initial Complaint on October 31, 2017 (ECF No. 1) and an Amended Complaint on January 2, 2018. (ECF No. 7.) Defendants filed their motion to dismiss on April 12, 2018. (*See* Notice of Mot., ECF No. 24.) On May 15, 2018, Plaintiff filed an opposition (ECF No. 29) and Defendants filed their reply on May 25, 2018. (ECF No. 31.) On June 26, 2018, the Court

notified the parties that, as to the limited issue of the applicable statute of limitations, the Court would convert Defendants' motion to a motion for summary judgment. (Order, ECF No. 33.) In particular, the Court notified Plaintiff that "the determination of the Defendants' statute of limitation defense may be dispositive and result in the dismissal of Plaintiff's claims" and that the Court was prepared to decide the case without a trial. (*Id.*) The Court gave Plaintiff additional time to submit "an evidentiary basis for his allegation that he was expelled from the New York Metro Local 10 American Postal Workers' Union on June 30, 2017[.]" (*Id.*) On July 25, 2018, Plaintiff filed a Memorandum of Law in Opposition to Motion for Summary Judgment with exhibits. (ECF No. 34.) On October 30, 2018, Defendants sought leave to file an additional declaration, which the Court granted on November 1, 2018, following a hearing on Defendants' motion. (*See* Hr'g Tr., ECF No. 39; Order, ECF No. 37.)

## DISCUSSION

As indicated in the notice provided to Plaintiff (*see* ECF No. 33), the Court will consider Defendants' converted motion under the standards for summary judgment as to the limited issue of the applicable statute of limitations. *See Bennett*, 2013 WL 1798001, at *3 (finding similar notice to a *pro se* plaintiff sufficient for converting a motion to dismiss into a motion for summary judgment) (citing *Hernandez v. Coffey*, 582 F.3d 303, 308 n.2 (2d Cir.2009)). Thus, in deciding the motion, the Court considers certain documents outside of the Amended Complaint, but only those documents that bear on the date that Plaintiff was expelled from the Union.

I. **Rule 56 Standard**

The Court may grant a motion for summary judgment if the pleadings, discovery materials before the Court and any affidavits show there is no genuine issue as to any material fact and it

is clear the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. *See Dallas Aerospace, Inc. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). It is the moving party's burden to establish the absence of any genuine issue of material fact. *See Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if there is sufficient evidence upon which "a reasonable jury could return a verdict for the nonmoving party." *Id.* However, a party may not create a genuine issue of material fact by presenting contradictory or unsupported statements. *See Securities & Exchange Comm'n v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978). Nor may he rest on the "mere allegations or denials" contained in his pleadings. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).

Further, because Plaintiff is *pro se*, the Court must construe his submissions liberally and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). "Nevertheless, *pro se* plaintiffs are not excused from the normal rules of summary judgment, and a *pro se* party's bald assertion, unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Bennett v. Wesley*, No. 11-CV-08715 (JMF), 2013

WL 1798001, at *3 (S.D.N.Y. Apr. 29, 2013) (citing *Ortiz v. McBride,* 323 F.3d 191, 194 (2d Cir. 2003)).

II. **Statute of Limitations**

The LMRDA does not include a limitations period. Thus, the limitations period applied to LMRDA claims is adopted from the most closely analogous state law statute of limitations. *See Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989). Courts in this Circuit apply New York's three-year limitations period for personal injury actions to LMRDA claims under Section 101(a)(5) and other subsections of Title I, known as the Bill of Rights of Members of Labor Organizations. *See Da Costa v. Union Local 306*, No. 08-CV-02470 (PAC) (FM), 2009 WL 3076077, at *7 (S.D.N.Y. Sept. 25, 2009) (citing *Gvozdenovic v. United Airlines, Inc.*, 933 F.2d 1100, 1107 (2d Cir. 1991)); *see also Gilmore v. Local 295, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 798 F. Supp. 1030, 1040 (S.D.N.Y. 1992) ("Union violations of the expressive rights guaranteed by the LMRDA are governed by applicable state statutes of limitations for personal injury actions."), *aff'd sub nom.*, 23 F.3d 396 (2d Cir. 1994); N.Y. C.P.L.R. § 214 (McKinney's) (the statute of limitations for personal injury actions in New York is three years).

While the limitations period is determined by borrowing from state law, federal law governs the date the claim accrues. *Cf. Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994) (discussing accrual of claim under 42 U.SC. § 1983). "A cause of action ordinarily accrues when the plaintiff could first have successfully maintained a suit based on that cause of action." *Santos v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 619 F.2d 963, 968-69 (2d Cir. 1980) (internal quotation omitted).

The LMRDA itself states that a member may be "required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within [an] organization, before instituting legal or administrative proceedings against such organization or any officer thereof." 29 U.S.C.A. § 411(a)(4). However, this provision acts to toll the statute of limitations only when a plaintiff "takes advantage of the union's administrative hearing procedures." *Da Costa*, 2009 WL 3076077, at *7 (citing *Legutko v. Local 816, Int'l Bhd. of Teamsters*, 853 F.2d 1046, 1053-55 (2d Cir. 1988)). In similar cases involving union members challenging union disciplinary action pursuant to the LMRDA, courts have found that the claim accrues when the union member receives notice of a final decision by the union. *See Rodonich v. House Wreckers Union Local 95 of Laborers' Int'l Union*, 817 F.2d 967, 977 n.2 (2d Cir. 1987) (LMRDA cause of action accrued when union member received national union's decision affirming disciplinary action taken by local union); *see also Gates v. Local Union No. 14 of Int'l Union of Operating Engineers, AFL-CIO*, No. 85-CV03760, 1988 WL 1953, at *4 (E.D.N.Y. Dec. 29, 1987) (LMRDA cause of action based upon plaintiff's expulsion from union accrued on receipt of the union's decision denying further appeal).

### III. <u>Analysis</u>

Plaintiff alleges that he was expelled from the Union on June 30, 2017, the date that the USPS stopped withholding dues from his paycheck. (Am. Compl. at 3, 15; Hr'g Tr. at 10-11.) In support of this position, Plaintiff argues that he was not denied any privilege of Union membership until June 30, 2017, and therefore believed that he was still a member until that date. (Hr'g Tr. at 10-11.) However, Defendants have submitted a letter signed by Plaintiff on October 30, 2013, in which he acknowledges that he received the October 28, 2013 letter from

Tyrrell informing him of the Union's decision to expel him. (Ex. A to Tyrrell Decl., ECF No. 36-2.) During the hearing, Plaintiff confirmed that it was his signature on the October 30, 2013 letter. (Hr'g Tr. at 3-4.) While at one point during the hearing Plaintiff also stated that he never received the October 28 letter (Hr'g Tr. at 16-17), he later admitted that he did. (*See* Hr'g Tr. at 10 ("all I had was that one letter that they sent to me"). In any event, the assertion that he did not receive the letter, without more, is not enough to defeat summary judgment. *See Gorham-DiMaggio v. Countrywide Home Loans*, Inc., 421 F. App'x 97, 101-02 (2d Cir. 2011) (plaintiff's contention that she did not receive letters was "insufficient to create an issue of material fact as to whether those letters were actually sent in light of the extensive, direct evidence produced by defendants[.]"); *see also Ramos v. SEIU Local 74 Welfare Fund*, No. 01-CV-02700 (SAS), 2002 WL 519731, at *6 (S.D.N.Y. Apr. 5, 2002) ("Bare denials cannot defeat summary judgment.") (internal citation omitted). Thus, the Court finds that there is no genuine dispute that, at least as of October 30, 2013, Plaintiff was aware that he had been expelled from the Union.

Following receipt of the letter notifying him of the Union's decision, Plaintiff had thirty days to appeal the Union's decision to the APWU. (*See* Ex. A to Tyrrell Decl., ECF No. 36-2.) Plaintiff does not allege that he attempted to pursue any internal administrative remedies. Thus, the Court finds that the statute of limitations began to run on November 30, 2013, the date that the Union's decision became final.[1] As such, the statute of limitations expired on November 30,

---

[1] Even if the limitations period began to run on or about March 1, 2014—four months after Plaintiff was notified that he had been expelled—it would not save his claim. In that scenario, the limitations period would have run on or about March 1, 2017 and Plaintiff did not file his claim in this Court until October 30, 2017. Nor does the Court find any other basis for equitable tolling, which requires a litigant to establish "two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way." *Da Costa*, 2009 WL 2986388, at *11 (citing *Pace v. DiGuglielmo*, 544 U.S.

7

2016 and Plaintiff's claim is time-barred.

In light of Plaintiff's argument that he believed he remained a member of the Union because he continued to pay dues and enjoy other benefits of membership, the Court also has considered whether the doctrine of equitable estoppel should apply to bar Defendants from raising a limitations defense. "The doctrine of equitable estoppel is triggered when a plaintiff shows that '(1) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the plaintiff reasonably relied on that misrepresentation to his detriment.'" *Wall v. Constr. & Gen. Laborers' Union, Local 230*, No. 97-CV-00942, 2004 WL 1936210, at *3 (D. Conn. Aug. 31, 2004) (quoting *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir. 1995)). However, the Court does not find that the withholding of dues constitutes a "misrepresentation of fact" particularly given the written correspondence from the Union regarding Plaintiff's status, which left no doubt that he had been expelled as of October 30, 2013. Moreover, during the hearing, Defendants' counsel represented that payroll deductions are made by the USPS and sent to the APWU, which then remits local dues to the local union along with a list of the approximately 5,000 members for whom dues were deducted. (Hr'g Tr. at 6-7.) Thus, the Union was not responsible for withholding dues and could not have misrepresented Plaintiff's status on that basis.[2]

---

408, 418 (2005)) (internal quotation marks omitted). Here, Plaintiff has not alleged, much less established, either element.

[2] The Court notes that there is no dispute that Plaintiff is entitled to the money that erroneously was withheld. (*See* Hr'g Tr. at 8-9.) Defendants' counsel represented that he was authorized to offer to return the funds that the Union received on behalf of Plaintiff, which the Court finds appropriate. (*Id.*)

## CONCLUSION

Plaintiff had three years in which to challenge his expulsion from the Union and failed to do so. He cannot do so now. Because I find that Plaintiff's claims are time-barred, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to close this case and mail a copy of this Opinion and Order to the *pro se* Plaintiff.

**SO ORDERED.**

DATED:    New York, New York
               November 16, 2018

_____
STEWART D. AARON
United States Magistrate Judge